IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **THERESA FRYE,** § | | **PLAINTIFF/** |
| *Heir of Louis Boisdore* § | | **COUNTER-DEFENDANT** |
| § | | |
| § | | |
| v. § | | Civil No. 1:24-cv-260-HSO-BWR |
| § | | |
| § | | |
| **TIFFANY LEE COWMAN,** § | | **DEFENDANT/** |
| *Hancock County Chancery Clerk* § | | **COUNTERCLAIMANT** |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART WITHOUT PREJUDICE DEFENDANT TIFFANY
LEE COWMAN'S MOTION [44] FOR JUDGMENT ON THE PLEADINGS
AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
OVER REMAINING STATE-LAW CLAIMS AND COUNTERCLAIMS**

Invoking Federal Rule of Civil Procedure 12(c), Defendant Tiffany Lee Cowman, Hancock County Chancery Clerk, seeks judgment on the pleadings. *See* Mot. [44]; Mem. [45]. The Court finds that the Motion [44] should be granted in part as to Plaintiff Theresa Frye's federal takings claim against Hancock County Chancery Clerk Tiffany Lee Cowman, and this claim should be dismissed with prejudice. The Court will decline to exercise supplemental jurisdiction over all remaining state-law claims and counterclaims, and will dismiss them without prejudice. *See* 28 U.S.C. § 1367(c)(3).

I. BACKGROUND

Proceeding as an heir of Louis Boisdore ("Boisdore") and purporting to proceed on behalf of his other heirs, Plaintiff Theresa Frye ("Frye" or "Plaintiff") filed a pro se Complaint [1] against Defendants Michael Watson, in his official capacity as Mississippi Secretary of State ("Secretary Watson"), and Tiffany Lee

Cowman, in her official capacity as Hancock County, Mississippi, Chancery Clerk (the "Chancery Clerk"). *See* Compl. [1]. The Court has dismissed all of Frye's claims pursued "on behalf of other Heirs of Louis Boisdore," *see* Order [36], and also dismissed without prejudice Frye's claims against Secretary Watson, *see* Order [13]. Her only remaining claims are those against the Chancery Clerk. The Chancery Clerk has filed a Counterclaim and a Motion [44] for Judgment on the Pleadings as to Frye's claims, which is fully briefed. *See* Mot. [44]; Mem. [45]; Resp. [49]; Reply [51].

## II. DISCUSSION

A. Standard of Review

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the pleadings have closed. *See* Fed. R. Civ. P. 12(c). "A motion under Rule 12(c) for failure to state a claim is subject to the same standards as a motion to dismiss under Rule 12(b)(6)." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209-10 (5th Cir. 2010). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the

plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

In deciding whether a complaint states a valid claim for relief, a court must "accept all well-pled facts as true and construe all reasonable inferences in the light most favorable to the plaintiff." *Robinson v. Midland Cnty.*, 80 F.4th 704, 709 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1010 (2024) (quotation omitted). But the Court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quotation omitted).

A court "cannot go beyond the pleadings in a Rule 12(c) analysis." *Corn v. Mississippi Dep't of Pub. Safety*, 954 F.3d 268, 277 n.6 (5th Cir. 2020). In evaluating whether a complaint survives a motion for judgment on the pleadings, a court is "limited to reviewing: '(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201.'" *Jordan Props., Ltd. v. City of Cleveland*, No. 23-60625, 2024 WL 3771453, at *1 (5th Cir. Aug. 13, 2024) (quoting *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021)).

B. <u>The Pleadings</u>

According to her Complaint [1], Frye is

> making [a] possessory claim of a federal land patent in the name of [her] ancestor Louis Boisdore to be recognized and put in possession of 1280.42 acres in Hancock County[,] Mississippi, St. Stephens Meridian, T 9S R16 W. Sec 25, 26, 27, 34, 35, 36 & T 10S R 16W, Sec 2, 3. This land emcompassed [sic] the Port Bienville Industrial Park. The federal land patent was approved December 9, 1829, and May 1, 1832,

3

> respectively. The patent however was not issued until November 12[,] 1964. [Frye's] ancestor and all his direct descendants had passed away at the time of issuance. However through extensive genealogical research performed since 2020 we come to find that we are the heirs of . . . Boisdore.

Compl. [1] at 9. Frye asks the Court to "provide just compensation for Boisdore lands taken by eminent domain" and award a "$20,000,000 lump sum payment for exemplary and punitive damages." *Id.* She also seeks "residual payments from rental income and any profits annually from now until perpetuity from government leases, and property tax received." *Id.* When asked to list the specific federal statutes, treaties, or provisions of the Constitution at issue, Frye cited:

> Section 1 of the Act of Congress approved May 28, 1830 (4 Stat. 408) / Article VI, Clause 2 / Article VI Sec 2, 9th Amendment / Article VI Sec 3, 10th Amendment / Fifth Amendment's Takings Clause / Treaty of Alliance 1778 Treaty of Amity and Commerce.

*Id.* at 8. The Court liberally construes Frye's pro se pleadings as raising a federal takings claim under the Fifth Amendment to the United States Constitution and state-law claims for ejectment and to quiet title. *See id.*

The Chancery Clerk's Amended Answer [10] raises various defenses, including that Frye's claims are barred because Boisdore's heirs conveyed the property at issue to others, which conveyances were affirmed in *United States v. Boisdore*, 52 U.S. 63 (1850). Am. Ans. [10] at 2 (delineating and citing conveyances). Hancock County then "obtained ownership of the land comprising the Port Bienville Industrial park, including the 1280 acres" at issue here, and "Hancock County remains the proper owner of most of that property, but has sold some of the lands within it and/or has leased some of those lands." *Id.* at 7.

4

C.    <u>The Parties' Arguments</u>

The Chancery Clerk contends that on the pleadings, Frye's claims should be dismissed with prejudice. *See* Mot. [44]; Mem. [45]. First, the Chancery Clerk states that "Plaintiff's claims are wholly based on her incorrect assertion that her purported heir, Boisdore, owns the property in question and/or has a possessory interest under a federal land patent." Mem. [45] at 4. And according to the Chancery Clerk, the undisputed facts in the pleadings demonstrate that "the 'Boisdore heirs conveyed the entirety of the 1280 acres to others by 1826,' and subsequent judicial holdings confirm that the Boisdore heirs transferred away all interest in the land." *Id.* at 4-5. But even if they had not done so, Frye's takings claim fails because the Chancery Clerk, in her official capacity, is not a "person" within the meaning of 42 U.S.C. § 1983. *Id.* at 5-6. And the state-law claims for ejectment and to quiet title fail because Frye has no possessory interest in the property and has "failed to make the demonstrations required by Mississippi law for ejectment and to quiet title." *Id.* at 6. The Chancery Clerk insists that Frye's conclusory statements of inheritance are insufficient to establish that she is a proper title holder. *See id.* at 7.

Frye responds that the Chancery Clerk's "position rests on a historically and legally flawed assertion that title to the subject property was conveyed in 1826," which she claims "is disproven by the United States Government's own actions—specifically, the issuance of a federal land patent in 1964 . . . ." Resp. [49] at 1. Frye cites "a sworn Affidavit of Heirship, historical wills, the 1828 Land Office report,

5

and the Supreme Court's decision in U.S. v. Boidsore, 49 U.S. (8 How.) 113 (1850)," which she contends "establish an unbroken chain of title" from Boisdore to Frye. *Id.* at 2. And Frye maintains that her quiet title, ejectment, and takings claims are legally sufficient to survive the Rule 12(c) challenge. *Id.*

D.  Analysis

1.  Whether Frye's Exhibits Should be Excluded

In opposition to the Chancery Clerk's Rule 12(c) Motion [44], Frye attaches several exhibits to her Response [49]: (1) a "Timeline/Chain of Title," Ex. [49-1]; (2) a copy of a letter from Frye to opposing counsel dated August 11, 2025, *see* Ex. [49-2]; and (3) a "Declaration of Standing, Lineage, and Intent" by Frye dated August 7, 2025, Ex. [49-3] (emphasis removed). None of these exhibits were included in the pleadings, and based on their dates, two were obviously created after the pleadings closed. *See id.*; Ex. [49-2]. Nor are these matters of which the Court may take judicial notice under Federal Rule of Evidence 201. *See* Fed. R. Evid. 201; *Jordan Props., Ltd.*, 2024 WL 3771453, at *1. The Court will therefore exclude these exhibits, which fall outside the pleadings, and the Chancery Clerk's Motion [44] need not be treated as one for summary judgment. *See* Fed. R. Civ. P. 12(d).

2.  Whether the Complaint [1] Plausibly States a Federal Takings Claim

The Court first addresses the only federal claim in this litigation, Frye's Fifth Amendment takings claim. *See* Compl. [1]. The Fifth Amendment guarantees that "private property" shall not "be taken for public use, without just compensation." U.S. Const. amend. V. "[A] property owner has a claim for a

6

violation of the Takings Clause as soon as a government takes his property for public use without paying for it." *Knick v. Twp. of Scott*, 588 U.S. 180, 189 (2019).

Section 1983 provides a method for "vindicating federal rights elsewhere conferred," such as the Takings Clause. *St. Maron Props., L.L.C. v. City of Houston*, 78 F.4th 754, 759 (5th Cir. 2023) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). Under the statute,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

> If a local government takes private property without paying for it, that government has violated the Fifth Amendment—just as the Takings Clause says—without regard to subsequent state court proceedings. And the property owner may sue the government at that time in federal court for the "deprivation" of a right "secured by the Constitution."

*Knick*, 588 U.S. at 189 (quoting 42 U.S.C. § 1983). But "to prevail on a takings claim, a plaintiff first must demonstrate that he has a protectable property interest." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 269 (5th Cir. 2012).

The Complaint [1] offers merely conclusory assertions and legal conclusions that Frye is an heir of Boisdore and is thus entitled to a "rightful inheritance" of the property at issue. Compl. [1] at 9. But the Court need not accept as true

7

"conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer*, 484 F.3d at 780.

First, even disregarding any alleged disposition of the property by Boisdore or his heirs, and accepting solely for the sake of argument that the Boisdore family never acquired rights to the land until the 1964 land patent issued, the Complaint [1] still does not plead that Frye herself had a protectable property interest. *See* Compl. [1]. Simply because Frye is a descendant of Boisdore many generations removed, does not mean that she is necessarily an heir or had a protectable property interest in real property posthumously granted to Boisdore in 1964. There is no indication whether intervening generations "devised or bequeathed in the last will and testament" the land at issue or whether it was "distributed in the same manner as the state of an intestate." Miss. Code Ann. § 91-1-13. Nor has Frye adequately pled privity of estate between herself and Boisdore. *See* Compl. [1]. Because the pleadings do not adequately allege facts indicating that Frye has a protectable property interest, she has failed to state a plausible takings claim and this claim should be dismissed. *See Ashcroft*, 556 U.S. at 678; *Dennis Melancon, Inc.*, 703 F.3d at 269.

Moreover, the publicly-available 1964 land patent upon which the Complaint [1] relies states that the United States quit-claimed to the "Representatives of Louis Boisdore and to their heirs, the Land above described; *subject to any just claim or claims to all and every part thereof . . . .*" U.S. Dep't of Interior, Bureau of Land Mgmt., http://glorecords.blm.gov/details/patent/default.aspx?accession=

8

1237354&docClass=SER&sid=v2kky5l5.wte#patentDetailsTabIndex=1 (last accessed Sept. 19, 2025) (emphasis added). Frye also has not addressed the portion of the land patent subjecting the conveyance to "any just claim or claims," and how that would impact her alleged interest in the property, even if she had adequately pled facts to show that she is a rightful heir. *Id.* The Chancery Clerk's Motion [44] for Judgment on the Pleadings should be granted as to the takings claim.

3. <u>Whether the Court Should Exercise Supplemental Jurisdiction</u>

The Complaint [1] invoked the Court's federal question jurisdiction. *See* Compl. [1] at 8. After dismissal of Plaintiff's takings claim, only her state-law claims remain. The Chancery Clerk has filed a Counterclaim [10], but it likewise asserts only state-law claims, for slander of title and adverse possession and under the Mississippi Litigation Accountability Act. *See* Countercl. [10] at 9-12.[1] The Court questions whether it should exercise supplemental jurisdiction over these remaining state-law claims. *See* 28 U.S.C. § 1367(a), (c).

A court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir. 2016) (quotation omitted). The Court

---

[1] The Counterclaim [10] requests sanctions under Federal Rule of Civil Procedure 11, *see* Countercl. [10] at 12, but that does not constitute a federal cause of action, *see, e.g., Hooks v. City of New York*, No. 21CV10771JGKBCM, 2022 WL 16964196, at *1 (S.D.N.Y. June 28, 2022) ("It is well-settled . . . that Rule 11 does not create an independent cause of action." (quotation omitted)) (collecting cases).

must consider "common law factors of judicial economy, convenience, fairness, and comity." *Id.* (quotation omitted). The Fifth Circuit has "elucidated the general rule that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Id.* (quotation omitted).

The dismissal of Plaintiff's sole federal claim is based upon the pleadings, and this case is not set for trial until October 2026, more than a year away. *See* Order [53]. It appears that little, if any, discovery has occurred, and any trial on the state-law claims is a "distant possibility—months, if not years away—if it would happen at all," which weighs in favor of declining supplemental jurisdiction. *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 246 (5th Cir. 2022). Thus, the common-law factors weigh in favor of declining supplemental jurisdiction. *See id.*; *Heggemeier*, 826 F.3d at 872.

4. <u>Frye's Motion [88] for Clarification and, in the Alternative, Joinder of Additional Defendants</u>

Frye has also filed a Motion [88] for Clarification and, in the Alternative, Joinder of Additional Defendants, which essentially asks the Court to consider an earlier-filed Motion [22] to Amend and proposed First Amended Complaint [22-1], *see* Mot. [88] at 1-2, which the Court denied, *see* Text Order, June 9, 2025. The Motion [22] to Amend was denied without prejudice in light of the Court's Order [36] entered on June 9, 2025, which dismissed all claims by Frye "on behalf of other Heirs of Louis Boisdore." *Id.* (citing Order [36]). Frye's new proposed amended complaint relies on the earlier proposed First Amended Complaint [22-1], which

purported to bring claims on behalf of other heirs. *See* First Am. Compl. [22-1]. Therefore, any request to amend should be denied for the same reasons.

Even if Frye were permitted to amend, the result would not change, making the amendment futile. The proposed First Amended Complaint [22-1] ostensibly invokes federal question jurisdiction under 28 U.S.C. § 1331, but on its face, it does not state a federal claim. *See id.* at 3-5. The proposed First Amended Complaint [22-1] asserts claims to quiet title (Count I), for fraudulent conveyance (Count II) concerning a 1853 deed that "was executed without authority, without payment, and in direct violation of federal law and a Supreme Court decision," and for declaratory relief (Count III) that the 1853 deed is "null and void," that "Plaintiffs are the lawful owners of the subject property," and that "[a]ny conflicting claims are legally ineffective." *Id.* at 4-5. While the proposed pleading references "federal law," it does not specify which law was violated and does not reference the Takings Clause. *See id.*

And while the proposed First Amended Complaint [22-1] references Plaintiffs' alleged rights under the 1965 land patent, *see id.* at 5, Frye has not shown that the land dispute here, which is based upon a federal land patent, confers federal subject-matter jurisdiction, *see* Mot. [88]; *see also, e.g., Shulthis v. McDougal*, 225 U.S. 561, 570 (1912) ("[A] controversy in respect of lands has never been regarded as presenting a Federal question merely because one of the parties to it has derived his title under an act of Congress."); *Virgin v. Cnty. of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000) ("Federal land patents and acts of Congress do not

11

provide bases for federal question jurisdiction."); *Hilgeford v. Peoples Bank*, 776 F.2d 176, 178 (7th Cir. 1985) ("It is well settled . . . that a controversy regarding land has never been regarded as presenting a federal question simply because one of the parties to it has derived his title from a patent or under an act of Congress." (collecting cases)). Therefore, even if leave to amend had been granted, only state-law claims would remain in this case, and the Court would still decline to exercise supplemental jurisdiction, *see* 28 U.S.C. § 1367(c)(3), rendering the requested amendment futile, *see Clark v. Dep't of Pub. Safety & Corr.*, 141 F.4th 653, 662 (5th Cir. 2025) ("Amending pleadings would be futile if the complaint as amended would be subject to dismissal." (quotation omitted)).

## III. CONCLUSION

To the extent the Court has not specifically addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result. The Chancery Clerk's Motion [44] for Judgment on the Pleadings should be granted in part and denied without prejudice in part, and the Court will decline to exercise supplemental jurisdiction over all remaining state-law claims. Frye's Motion [88] for Clarification and, in the Alternative, Joinder of Additional Defendants should also be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Tiffany Lee Cowman's Motion [44] for Judgment on the Pleadings is **GRANTED IN PART**, as to Plaintiff Theresa Frye's federal takings claim, and Plaintiff Theresa

Frye's Fifth Amendment takings claim against Hancock County Chancery Clerk Tiffany Lee Cowman is **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Theresa Frye's Motion [88] for Clarification and, in the Alternative, Joinder of Additional Defendants is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Court **DECLINES** to exercise supplemental jurisdiction over all remaining state-law claims and Counterclaims, and they are **DISMISSED WITHOUT PREJUDICE**. The Court will enter a separate Final Judgment of dismissal pursuant to Federal Rule of Civil Procedure 58.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the foregoing reasons, the Motions [55], [56], [57], [58], [59], [60], [61], [62], [63], [64], [65], [66], [67], [68], [69], [70], [71], [72], [73], [74], [75], [76], [77], [78], [79], [80], [81], [83], [84], [87] for Joinder in Complaint [1] are **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 24th day of September, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE